1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVALK, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>KINSALE INSURANCE CO., DOES 1<br>through 50, Inclusive.<br><br>                    Defendants. | Case No.:  22-cv-00290-BEN-RBB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 7]** |

I.    <u>**INTRODUCTION**</u>

Plaintiff Novalk, LLC ("Plaintiff") brings this action against its insurer, Defendant Kinsale Insurance Company ("Defendant") and Does 1 through 50 ("Doe Defendants") for alleged breaches of Defendant's agreement to insure Plaintiff.  ECF No. 1.[1]

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion").  ECF No. 7.  The motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure.  ECF No.

---

[1]    Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

12.  After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Motion.

## II.   BACKGROUND

### A.   Statement of Facts

Plaintiff alleges that it owns real estate located at 310 Rockwood Avenue, Calexico, California, which Defendant insured.  ECF No. 1-3 ¶¶ 1, 10.  After a fire at the Plaintiff's property, Plaintiff notified Defendant pursuant to the policy.  *Id*. ¶¶ 12, 15.  Defendant sent adjustors to the subject property to evaluate damage and losses.  *Id*. ¶¶ 16-17.  Plaintiff alleges the amount Defendant offered to pay under the policy was less than the actual damages suffered.  *Id*. ¶¶ 19-20.  Plaintiff's suit followed thereafter.

### B.   Procedural History

On December 8, 2021, Plaintiff filed suit against Defendant in the Superior Court of the State of California, County of Imperial (*Novalk, LLC v. Kinsale Insurance Company; and Does 1-50, inclusive*, Case No. ECU002178 (the "State Court Action")).  ECF No. 1-3 at 16.  The complaint in the State Court Action alleged causes of action for: (1) breach of contract; (2) breach of good faith and fair dealing[2]; (3) bad faith denial of insurance policy claim and benefits; (4) false advertising; (5) negligent misrepresentation; (6) constructive fraud; (7) violation of the Unfair Competition Law; and (8) declaratory relief.  *Id.*  On March 4, 2022, Defendant removed this action to this Court.  ECF No. 1.

## III.   LEGAL STANDARDS

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable

---

[2] The second claim for relief is titled differently in the caption than in the body of Plaintiff's complaint.  Review of the complaint and parties' briefs reveal breach of covenant of good faith and fair dealing is the correct claim for relief.

plausible claim.  See *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint may survive a motion to dismiss only if, taking all well pled factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.  "The bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv*., 572 F.3d 962, 969 (9th Cir. 2009).

Where a motion to dismiss is granted, leave to amend should be liberally allowed "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   <u>DISCUSSION</u>

Defendant challenges the factual sufficiency and legal applicability of Plaintiff's claims four through eight.

### A. <u>Inclusion of Doe Defendants</u>

As a preliminary matter, Defendant challenges the inclusion of the Doe Defendants as improper, and requests dismissal of the Complaint in its entirety.  Defendant argues the complaint lacks factual allegations regarding how any Doe Defendants are liable for Plaintiff's harm.  Plaintiff argues that inclusion of Doe Defendants is not grounds for dismissal of the complaint under the Federal Rules of Civil Procedure ("Federal Rules").

Both parties cite *Keavney v. County of San Diego*, No. 3:19-cv-01947-AJB-BGS, 2020 WL 4192286 (S.D. Cal. 2020).  There, the court dismissed the plaintiff's FAC because it did not contain any specific factual allegations against the doe "kitchen staff"

and "medical staff," and did not explain how any of the doe defendants caused a violation of plaintiff's rights. *Keavney,* 2020 WL 4192286 at *4. The court found that although use of doe defendants was neither authorized nor specifically barred by the Federal Rules, a complaint using fictitious names for unidentified defendants still requires "specific facts showing how each particular doe defendant violated his rights." *Id*. at *4-5.

Plaintiff argues *Keavney* is not applicable to this case because of the differing fact pattern. However, *Keavney* is illustrative of the point that use of doe defendants does not dissipate the requirement that Plaintiff make sufficient factual allegations as to each defendant. In this application of *Keavney*, the Court agrees with Defendant.

Plaintiff's allegations regarding the Doe Defendants are sparse. Plaintiff alleges Defendant sent "adjusters and/or other authorized representatives to evaluate Plaintiff's losses" after the fire. ECF No. 1-3, ¶¶16-17. Plaintiff alleges much the same when it states "defendants employed others to investigate the loss, to conduct studies and samples from the Subject Property, and to discover the true cause and origin of the fire…" *Id*. ¶ 3. Additionally, Plaintiff seems to list names of specific individuals in the caption of its sixth claim for relief, "Sixth Cause of Action for Constructive Fraud (Against Evanston, Markel, Sedgwick, Montijo, and Does 1 through 25)." These individuals are not mentioned anywhere else in the complaint and are not named Defendants in this action. Whether these names are an erroneous inclusion or the names of Defendants known to Plaintiff but not yet joined is unclear. Plaintiff's complaint is similarly devoid of any mention of how Doe Defendants specifically contributed to or participated in any of actions which give rise to Plaintiff's claims for relief.

Accordingly, the Court DISMSSES Defendants Does 1 through 50 without prejudice. The Plaintiff may seek leave to file an amended complaint to amend allegations or identify any Doe Defendants dismissed by this Order.

B. Constructive Fraud, Negligent Misrepresentation and False Advertising

Defendant challenges the factual sufficiency of Plaintiff's fourth, fifth and sixth

claims of false advertising, negligent misrepresentation and constructive fraud.  Plaintiff responds that it has pled sufficient facts to support false advertising (claim four) and sufficient facts under the heightened pleading standard for negligent misrepresentation and constructive fraud (claims five and six).

### 1.  False Advertising

California's false advertising law makes it unlawful for a business to "disseminate any statement 'which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading....'" *Ariz. Cartridge Remanufacturers Ass'n, Inc., v. Lexmark Intern., Inc.*, 421 F.3d 981, 985 (9th Cir. 2005) (*quoting* Cal. Bus. & Prof. Code § 17500).  The law encompasses both false statements and those statements which "may be accurate on some level, but will nonetheless tend to mislead or deceive...." *Arz. Cartridge Remanufacturers Ass'n, Inc.*, 421 F.3d at 985.

Plaintiff asserts it has pled sufficient facts to support a claim for false advertising by alleging that the parties entered into an insurance contract which included a promise to "make Plaintiff whole should the Subject Property be damaged."  Plaintiff asserts Defendant's offer of payment below the policy limits supports an inference that this statement was misleading, and that Defendant engaged in "unfair, deceptive, untrue and misleading advertising practices."  Perhaps it does support an inference, but it is no more than a thin inference and, more importantly, not sufficient to make the claim plausible.

The complaint is bereft of factual allegations supporting its assertion.   Plaintiff simply asserts Defendant is a surplus lines insurance company specializing in difficult-to-place properties.  Plaintiff in essence asks the Court to infer because Defendant specializes in properties that are difficult to insure, any offer of payment below policy limit or below Plaintiff's own estimation of damages must mean Defendant misled its customer.  This inference is not reasonable.

The Court GRANTS Defendant's Motion to Dismiss Plaintiff's fourth claim for

relief without prejudice.

### 2. Negligent Misrepresentation

The elements of negligent misrepresentation are: (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance, (4) justifiable reliance, and (5) resulting damage. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc*., 171 Cal.App.4th 35, 50 (2009) (citation omitted).

Plaintiff alleges there is conflict in the case law regarding the precise degree of particularity required in the pleading for a claim of negligent misrepresentation. However, the complaint lacks sufficient facts without applying the heightened pleading standard. Plaintiff's complaint is devoid of factual allegations describing a misrepresentation made by Defendant.

Plaintiff lists several points of conduct for support of its claim, including the Defendant "failing to respond to verbal requests and correspondence," "failing to properly and timely adjust this case," and "failing to provide any reasonable basis for denying payment on this claim." However, Plaintiff makes few factual allegations supporting these points. Plaintiff briefly alleges "defendants sent adjusters and/or other authorized representatives to evaluate Plaintiff's losses." Plaintiff makes no relevant factual allegations regarding the Defendant's investigation into the fire. Plaintiff makes no allegations regarding any of Plaintiff's purported "verbal requests and correspondence." Plaintiff makes no allegations regarding any communication between the parties that occurred between the time of the fire and Defendant's offer of payment other than Plaintiff "offered and did assist with the investigation" and "provided documentation and information." Plaintiff makes no allegations regarding Defendant's basis for denial of the claim; Plaintiff simply alleges Defendant offered less than the policy limit and less than Plaintiff's actual purported damages. Supported by only conclusory statements, Plaintiff's claim for negligent misrepresentation is insufficient.

1

2

The Court GRANTS Defendant's Motion to Dismiss Plaintiff's fifth claim for relief without prejudice.

3

### 3. Constructive Fraud

4

Constructive fraud is defined as "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault…by misleading another to his prejudice…" Cal. Civ. Code § 1573. "Constructive fraud is a unique species of fraud applicable only to a fiduciary or confidential relationship." *Salahutdin v. Valley of California, Inc*., 24 Cal.App.4th 555, 562 (1994) (citation omitted). To state a claim for constructive fraud, a party must allege: (1) a fiduciary or confidential relationship; (2) an act, omission or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage. *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177 (C.D. Cal. 2006) *citing Assilzadeh v. Cal. Fed. Bank*, 82 Cal.App.4th 399, 414 (2000).

Claims for constructive fraud must meet Federal Rule 9(b)'s particularity requirement. *Tindell v. Murphy*, 22 Cal.App.5th 1239, 1250 (2018) *citing Schauer v. Mandarin Gems of Cal., Inc.*, 125 Cal.App.4th 949, 960-61 (2005). Rule 9(b) requires that allegations of fraud be pled with specificity, meaning the pleader must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist*., 940 F.2d 397, 405 (9th Cir. 1991). This requires a plaintiff identify the source of the fraud and distinguish among the defendants with respect to their roles. *Hokama v. E.F. Hutton & Co., Inc*., 566 F. Supp. 636, 645 (C.D. Cal. 1983).

Plaintiff's factual allegations fall short of Rule 9(b)'s particularity requirement. Plaintiff points to paragraphs four, five, nine, ten, and sixty-four of the complaint as support for assertion that Plaintiff has pled sufficient factual allegations under Federal Rule 9(b). Paragraph four of the complaint merely alleges Defendant represented itself as an excess and surplus lines insurance company specializing in hard-to-place property. Paragraph five alleges that Defendant represented it "understood the loss history at the

7

Subject Property" and Defendant specifically intended to provide coverage.  No other factual allegations or details are alleged regarding the "loss history at the Subject Property," and what considerations Defendant may have understood from it.  Paragraph nine alleges Defendant solicited business from Plaintiff.  Paragraph ten outlines the insurance contract Plaintiff entered with Defendant.  Paragraph sixty-four alleges that Defendants took unfair advantage of Plaintiff.  This paragraph is conclusory.

   Neither the cited paragraphs, nor any others, contain allegations sufficient to state a claim for constructive fraud.  A dispute over the extent of coverage is not, in and of itself, evidence of an act, omission or concealment involving a breach of a duty. Plaintiff's complaint is devoid of details regarding the parties' negotiations.  In addition, the cited paragraphs lack details as to who made representations to Plaintiffs and when the representations were made.  Even if the paragraphs contained allegations of an act, omission or concealment, they would fail because they do not meet Federal Rule 9(b)'s particularity requirement.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's sixth claim for relief under constructive fraud without prejudice.

C. Violation of California's Unfair Competition Law

Defendant challenges Plaintiff's claim under California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq*.  The UCL prohibits any unlawful, unfair, or fraudulent business acts that are deceptive, untrue, or misleading. *See* Cal. Bus. & Prof. Code § 17200.  Plaintiff alleges Defendants engaged in acts and practices which constitute "unlawful" or "unfair" business practices.  Plaintiff seeks restitution and injunctive relief under the UCL claim.  Defendant challenges Plaintiff's UCL claim on the ground that the equitable relief available under this statute is foreclosed because Plaintiff has an adequate legal remedy.  Plaintiff argues the requirements for injunctive relief under the UCL have been met but does not address Defendant's challenge as to adequate legal remedy.

The Ninth Circuit recently ruled that a federal court must apply traditional equitable principles before awarding restitution under California's UCL.  *Sonner v. Premier Nutrition Corp*., 971 F.3d 834, 841 (9th Cir. 2020).  "[W]e hold that the traditional principles governing equitable remedies in federal courts, *including the requisite inadequacy of legal remedies*, apply when a party requests restitution under the UCL…"  *Sonner*, 971 F.3d at 844 (emphasis added).  In *Sonner*, the Court analyzed whether a plaintiff could pursue restitution under the UCL after intentionally amending her complaint to no longer pursue a claim under California's Consumer Legal Remedies Act ("CLRA"), which originally included an identical award for damages.  *Id*. at 837.  The Court in *Sonner* agreed with the district court that plaintiff had an adequate remedy under the law which precluded her ability to seek equitable relief under the UCL.  *Id*. at 844.

Even prior to the *Sonner* decision, district courts consistently used this line of reasoning, based on the California Appeals Court case *Prudential Home Mortgage Co., v. Superior Court*, 78 Cal.App.4th 1236 (1998).  *See Moss v. Infinity Ins. Co*., 187 F. Supp. 3d 1991 (N.D. Cal. 2016); *Stewart v. Life Ins. Co. of N. Am*., 388 F. Supp. 2d 1138 (E.D. Cal. 2005); *see also Benn v. Allstate Ins. Co*., 569 F. Supp. 3d 1029 (C.D. Cal 2021) (decided post-*Sonner* but based reasoning on *Prudential*).

Here, Plaintiff does not argue, in either its complaint or response to the motion, that Plaintiff does not have an adequate remedy at law.  This reason alone was identified in *Sonner* as sufficient for dismissal.  *Sonner*, at 844.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's seventh claim for relief without prejudice.

D. <u>Declaratory Relief</u>

The California Supreme Court described the purpose of declaratory relief as "designed in large part as a practical means of resolving controversies, so that parties can conform their conduct to the law and prevent future litigation."  *Meyer v. Sprint Spectrum*

22-CV-00290-BEN-RBB

*L.P.*, 45 Cal.4th 634, 648 (2009).  Declaratory relief operates "prospectively, serving to set controversies at rest before obligations are repudiated, rights are invaded, or wrongs committed."  *Kirkwood v. Cal. State Auto. Ass'n*, 193 Cal.App.4th 49, 59 (2011).

Declaratory relief "should not be used for the purpose of anticipating and determining an issue which can be determined in the main action."  *Cal. Ins. Guarantee Assn. v. Superior Court*, 231 Cal.App.3d 1617, 1624 (1991) *quoting Gen. of Am. Ins. Co. v. Lilly*, 258 Cal.App.2d 465, 470 (1968).  "The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief.  The refusal to exercise the power is within the court's legal discretion…"  *Cal. Ins. Guarantee Assn.*, 231 Cal.App.3d at 1624, *quoting Girard v. Miller*, 214 Cal.App.2d 266, 277 (1963).  In the *California Insurance* case, the Court of Appeals reasoned declaratory relief was inappropriate as it "would necessitate the resolution of one or more factual issues which would have to be determined in the underlying action."  *Id*.

Plaintiff argues that declaratory relief is a cumulative remedy and is not necessarily precluded by additional claims for relief based on the same facts.  Plaintiff also argues declaratory relief is appropriate to interpret the rights and duties under a contract.  This contention is correct –where the rights and duties of a contract are in question, or construction thereof, declaratory relief is appropriate.  *See Doan v. State Farm Gen. Ins. Co.*, 195 Cal.App.4th 1082, 1099 (2011) (declaratory relief appropriate where dispute was properly categorized as over whether *the method* of insurance company's appraisal of items violated California law, not merely whether the actual appraisal of Plaintiff's items was improper).

Here Plaintiff does not allege a dispute over the construction of the contract, or the parties' rights and duties thereunder.  Plaintiff does allege Defendant offered to pay a sum less than Plaintiff's actual damages in breach of the parties' contract.  Therefore, Plaintiff's request for a declaration from the Court stating "Defendant is in breach of the contract" is essentially a ruling Plaintiff's first claim for breach of contract.  The same is

true for the other two requested declarations.

The Court accordingly GRANTS Defendant's Motion to Dismiss Plaintiff's eighth claim for relief with prejudice.

E. Punitive Damages

Finally, Defendant challenges Plaintiff's request for punitive damages. Punitive damages are proper when the defendant is found guilty of oppression, fraud or malice. Cal. Civ. Code § 3294. Punitive damages are not available in an action based solely upon breach of a contractual obligation, even where the breach is intentional, willful, or in bad faith. *Miller v. Nat'l Am. Life Ins. Co.*, 54 Cal.App.3d 331, 336 (1976) (citation omitted). However, if the action is also in tort, exemplary damages "may be recovered upon a proper showing of malice, fraud or oppression even though the tort incidentally involves a breach of contract." *Miller*, 54 Cal.App.3d at 336, *quoting Schroeder v. Auto Driveaway Co.*, 11 Cal.3d 908, 921 (1974).

The defendant must act with the "intent to vex, injure or annoy, or with a conscious disregard of the plaintiff's rights." *Silberg v. Cal. Life Ins. Co.*, 11 Cal.3d 452, 462 (1974). "While we have concluded that defendant violated its duty of good faith and fair dealing, this alone does not necessarily establish that defendant acted with the requisite intent…" *Silberg*, 11 Cal.3d at 463.

Plaintiff, citing to *Miller*, argues that an insurer's refusal to pay a claim was sufficient to support an inference of fraud and uphold a punitive damages award. However, the evidence presented in *Miller* is vastly different than the factual allegations Plaintiff alleges. In *Miller*, evidence was presented regarding the insurance company's explicit instructions to claims examiners on how interpret common words on claim forms, that there were no instructions on the claims forms for physicians regarding how the company would construe such words, and that claim examiners were instructed to terminate policies even if there was ambiguity regarding the meaning of these words. *Miller*, at 339.

Here, all of Plaintiff's claims alleging fraud or misrepresentation have failed for lack of sufficient factual allegations.  Plaintiff fails to allege any misrepresentations by Defendant and has certainly failed to allege facts to infer Defendant acted with malicious intent.  Given this, there is no factual basis to support a prayer for punitive damages.  Accordingly, the Plaintiff's Prayer for Punitive Damages is DENIED without prejudice.

## V.   CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Defendant Does 1-50 are hereby DISMISSED without prejudice.

2. Defendant's Motion to Dismiss Plaintiff's Fourth, Fifth, Sixth, and Seventh Claims for Relief are GRANTED without prejudice.

3. Defendant's Motion to Dismiss Plaintiff's Eighth Claim for Relief is GRANTED with prejudice.

4. Plaintiff's Prayer for Exemplary or Punitive Damages is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: December 9, 2022

**HON. ROGER T. BENITEZ**
United States District Judge

22-CV-00290-BEN-RBB