UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVALK, LLC,<br><br>                  Plaintiff,<br><br>   v.<br><br>KINSALE INSURANCE COMPANY,<br><br>                  Defendant. | Case No. 22-cv-0290-BAS-LR<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY (ECF No. 82)** |

     Plaintiff Novalk, LLC's attorney, Michelangelo Tatone, moves the Court for permission to withdraw from representing Novalk, LLC, in the instant case. (ECF No. 82.) For the following reasons, the Court **GRANTS** the motion. (*Id.*)

     The California Rules of Professional Conduct permit withdrawal from representation under a series of circumstances including when the client makes it "unreasonably difficult for the lawyer to carry out the representation effectively," or "breaches a material term of an agreement" with the lawyer and the lawyer "has given the client a reasonable warning after the breach" of the lawyer's potential withdrawal if the breach is not remedied. CA ST RPC Rule 1.16(b). Where a tribunal's rules require permission to withdraw, the Rules of Professional Conduct mandate a lawyer to continue representation until such tribunal has granted permission to withdraw. *Id.* Rule 1.16(c).

     Federal court requires permission for an attorney to withdraw from representation. In federal court, "[a]n attorney may not withdraw as counsel except by leave of court, and

the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Garrett v. Ruiz*, No. 11-CV-2540-IEG WVG, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013) (citations omitted); *see also* CivLR 83.3(g)(3).  In ruling on a motion to withdraw as counsel, courts consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Garrett*, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013).  Ultimately, "[t]he decision to permit counsel to withdraw is within the sound discretion of the trial court." *Atkins v. Bank of Am., N.A.*, No. 15-CV-00051-MEJ, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015) (citations omitted).

Under this District's Local Rules, a motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties.  CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." CivLR 83.3(f)(3)(b).

Here, Michelangelo Tatone of Tatone Law, APC ("Tatone") seeks to withdraw as counsel for Plaintiff Novalk, LLC ("Novalk").  Tatone satisfies the requirements to withdraw as counsel for Novalk.  As a preliminary matter, the Court notes that Tatone has met the requirements of Civil Local Rule 83.3(f) by providing a declaration and proof of service indicating that it served Defendant with the motion and declaring that Defendant does not oppose it. (ECF No. 82-1 ¶¶ 11, 16.)  The Court turns next to the merits of the Motion to Withdraw.

**California Rules of Professional Conduct requirements**.  The California Rules of Professional Conduct, Rule 1.16(b)(4), allows withdrawal where the client "renders it unreasonably difficult for the lawyer to carry out the representation effectively."  Tatone has shown counsel cannot effectively represent Plaintiff as they cannot agree on the appropriate legal strategies to pursue and Plaintiff has "stated its intent to have Tatone Law's malpractice insurance involved." (ECF No. 82-1 ¶¶ 8–9.)  The relationship has

broken down to the point where Novalk and Tatone are "no longer able to communicate regarding litigation strategy of this case or any upcoming preparation for trial." (*Id.* ¶ 9.)

Further, the California Rules of Professional Conduct permit a lawyer to withdraw from representation where "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation." CA ST RPC Rule 1.16(b)(5). Here, Tatone declares Novalk has failed to fulfill its obligation, agreed upon when Plaintiff and Tatone signed an attorney-client agreement in November 2021, to pay for certain legal fees and expenses. (ECF No. 82-1 ¶ 4.) At this point, "[i]n Tatone Law's view, it is owed substantial fees; however, Novalk disagrees." (*Id.* ¶ 6.) Tatone and Novalk have been unable to resolve their disagreement despite Tatone offering that they "mediate and/or arbitrate the past outstanding balance, and provide a retainer and pay for future services and expenses." (*Id.* ¶ 7.) Tatone represents that Novalk has "refused altogether" to participate in these dispute resolution discussions. (*Id.*)

In the event the client is in breach of a material term of the attorney-client agreement, the lawyer must have "given the client a reasonable warning after the breach" of the lawyer's potential withdrawal if the breach is not remedied. CA ST RPC Rule 1.16(b)(5). Tatone represents that "[a]s early as approximately September 30, 2024, [Tatone] informed Novalk of the need to get paid or else Tatone Law would have no other choice but to seek withdrawal from this case." (ECF No. 82-1 ¶ 13.) However, Novalk refused to attempt to resolve the dispute and has not paid Tatone. (*Id.*)

Courts have previously held that "[f]ailure to pay attorney's fees can be a valid ground for withdrawal." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2010); *see also Garcia v. Zavala*, No. 17-CV-06253-TSH, 2019 WL 2088478, at *3 (N.D. Cal. May 13, 2019), *order set aside in part,* No. C 17-6253 MMC, 2020 WL 999779 (N.D. Cal. Mar. 2, 2020) (granting motion to withdraw in part because defendant failed to replenish counsel's retainer and "counsel [was] essentially working for free"); *see also Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 WL 3168269, at *2 (C.D. Cal. June 19, 2013) (permitting unpaid

attorney to withdraw even though no substitute counsel had been retained and stating "[t]he failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation"); *see also* CA ST RPC Rule 1.16(b)(5) (permitting withdrawal if the client "breaches an agreement or obligation to the member as to expenses or fees").

The Court finds that Tatone gave Novalk a reasonable warning and opportunity to cure, and that Novalk failed to cure. Accordingly, the California Rules of Professional Conduct permit withdrawal.

**The *Garrett* factors**. There is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case is still in early stages, and the relevant party has had sufficient notice of the intent to withdraw. *See Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010). Here, while the case is no longer in its early stages, Tatone has already argued Novalk's summary judgment motion, and trial is not scheduled for several months. (ECF No. 87.) Furthermore, Tatone represents that Novalk will not be prejudiced, or the case unduly delayed, by Tatone's withdrawal because Novalk will still be represented by Andrew Rauch, who has participated in this case since its inception. (ECF No. 82-1 ¶ 12.) Accordingly, the Court finds the *Garrett* factors weigh in favor of granting withdrawal.

**Unrepresented corporation: Novalk, LLC.** "It is a longstanding rule that corporations and other incorporated associations must appear in court through an attorney." *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citing *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994)). Moreover, the Civil Local Rules for the Southern District of California provide that corporations may appear in court only through an attorney. *See* CivLR 83.3(j). Tatone may withdraw as counsel in this matter, however, because Novalk will not be left unrepresented while Andrew Rauch remains an attorney of record in the case. Therefore, that Novalk will be an unrepresented corporation in this case is not a

concern.

Accordingly, for the foregoing reasons, the Court **GRANTS** Tatone's Motion to Withdraw as Counsel. (ECF No. 82.) The Clerk is instructed to update the docket to reflect Tatone's withdrawal as counsel of record for Novalk, LLC.

**IT IS SO ORDERED.**

**DATED: November 13, 2024**

Hon. Cynthia Bashant
United States District Judge