**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOVALK, LLC,<br><br>                      Plaintiff,<br><br>   v.<br><br>KINSALE INSURANCE COMPANY,<br><br>                      Defendant. | Case No. 22-cv-0290-BAS-LR<br><br>**ORDER**<br>    **1. GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 52), AND**<br>    **2. DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 53)** |

      Plaintiff Novalk, LLC ("Novalk" or "Plaintiff") sued Defendant Kinsale Insurance Company ("Kinsale" or "Defendant") when, more than a year after a fire burned down one of Novalk's properties in Calexico, California, Kinsale had still failed to resolve Novalk's claim for fire insurance coverage. (ECF No. 1.)  After litigating the case for years, the parties brought cross-motions for summary judgment as to Plaintiff's three remaining claims: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) bad faith denial of an insurance policy claim and benefits. (ECF Nos. 52, 53.)

The Court heard oral argument on November 4, 2024, and subsequently granted in part Kinsale's Motion for Summary Judgment and denied in part Novalk's Motion for Summary Judgment as to the period before discovery closed on March 1, 2024. (ECF No. 92.) As to the period following the close of discovery, the Court requested supplemental briefing "addressing Kinsale's ongoing handling of the claim since February 2024 and why the claim is not yet resolved." (*Id.* at 28.) After a baffling number of extension requests, the parties at last submitted the requested supplemental briefing. Defendant filed its supplemental brief on February 27, 2025 (ECF No. 105), and Plaintiff filed its supplemental brief on March 11, 2025. [1] (ECF No. 108.) The Court finds these motions suitable for determination on the papers submitted and without oral argument. Fed. R. Civ. P. 78(b); CivLR 7.1(d)(1).

## I.  BACKGROUND

The Court gave an in-depth overview of the background of this case in its prior Order on the cross-motions for summary judgment. (ECF No. 92 at 2–11.) Therefore, the Court repeats only the pertinent facts here.

In 2015, Novalk purchased the covered property at 310 Rockwood Avenue in Calexico, California ("the Property"). Upon purchase, Novalk obtained coverage from a series of insurers and the Property sustained a series of losses, including water damage from forcibly removed pipes and a fire that damaged a disputed amount of the building but was not a total loss. After sustaining these losses and performing a disputed amount of repairs, Novalk eventually insured the Property with Kinsale, the defendant in this case, with coverage commencing on January 17, 2020. (ECF No. 53-6, Ex. 2 ("The Policy"); ECF No. 80 ¶ 5.) The Kinsale insurance policy included a $1,150,000 limit for the existing building and a $350,000 limit for building materials, with a $25,000 deductible for fire

---

[1] A version of this brief was timely filed on March 7, 2025 (ECF No. 106), and bears that date, but the brief was withdrawn (ECF No. 107) and re-filed on March 11, 2025 (ECF No. 108), and so that is the date the Court shall use.

damage. (ECF No. 53, Ex. 2.) It excluded coverage for losses due to theft, vandalism, or malicious acts, and required Novalk to cooperate with Kinsale's investigation, including submitting to an examination under oath ("EUO"). (*Id.*)

Three days after the Kinsale insurance policy coverage was in place, another fire occurred at the Property on January 20, 2020. (ECF No. 80 ¶ 6.) Novalk promptly filed a claim for coverage (*id.* ¶ 7), and Kinsale initiated an investigation into the claim. As part of its investigation, Kinsale requested a number of documents and announced its intention that after receiving the documents it would conduct an EUO of Novalk's principal, Victor Khalil ("Khalil"). (ECF No. 52, Exs. H, I.) Kinsale requested Novalk submit the necessary documents no later than March 20, 2020 (ECF No. 52, Ex. I), but Novalk did not meet this deadline and consequently Kinsale did not schedule an EUO. Kinsale sent multiple follow-up emails requesting the necessary documents for the EUO, but Novalk did not respond until December 30, 2020, and even then, did not provide documentation that was fully responsive to Kinsale's requests. (ECF No. 52, Ex. K; ECF No. 53, Ex. 19.)

After litigating the case for years, the parties brought cross-motions for summary judgment as to Novalk's three remaining claims against Kinsale: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) bad faith denial of insurance policy claim and benefits. (ECF Nos. 52, 53.) In its prior Order addressing the cross-motions for summary judgment, the Court found that Novalk did not fully perform its contractual obligations, particularly by failing to provide necessary documents and cooperate with Kinsale's investigation. (ECF No. 92 at 16–21.) The Court determined that Kinsale's investigation into potential policy exclusions, such as vandalism and fraud, was reasonable given the circumstances of the fire. (*Id.* at 16–17.) Because of this, the Court granted summary judgment in favor of Kinsale as to the breach of contract and breach of the duty of good faith and fair dealing for its conduct up until the close of expert discovery. (*Id.* at 28.)

The Court ordered supplemental briefing addressing Kinsale's handling of the claim since the close of discovery on March 1, 2024, and why the claim was still neither granted

nor denied. (*Id.*) After many requests for extensions, the parties completed an EUO and submitted their supplemental briefs. Having now submitted their supplemental briefs, the claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) bad faith denial of an insurance policy claim and benefits as to the period after the close of factual discovery are now ripe for determination.

## II.     LEGAL STANDARD

Summary judgment is proper on "each claim or defense—or the part of each claim or defense" when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law, and a dispute is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When resolving a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court does not make credibility determinations or weigh conflicting evidence. *See Anderson*, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

"[T]he district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). The court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

## III. ANALYSIS

The Court has yet to resolve the cross-motions for summary judgment as to Plaintiff's first three claims—(1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) bad faith denial of insurance policy claim and benefits—after the close of expert discovery in this case, which occurred on March 1, 2024. Because the analysis for the second and third claims is essentially the same, the Court analyzes them together.

### A. Breach of Contract

To state a claim for breach of contract under California law, plaintiffs must prove the existence of the following elements: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Abdelhamid v. Fire Ins. Exch.*, 106 Cal. Rptr. 3d 26, 32 (Cal. Ct. App. 2010) (citation omitted).

As discussed in this Court's prior Order, it is undisputed that a contract existed between Novalk and Kinsale for insurance coverage. (ECF No. 92 at 12.) This contract clearly states that Plaintiff must supply documents, cooperate with the insurance investigation, and submit to an EUO as conditions precedent to recover on a claim. (ECF No. 53-6, Ex. 2 at 11 of 17.) Plaintiff has now submitted to a satisfactory EUO, so Plaintiff's remaining contractual duties include (1) supply of specific documents, such as financial records, and (2) cooperation with Kinsale's investigation. For Novalk to prevail on its claim for breach, it must show that it substantially performed these duties. Novalk fails to raise a genuine issue of material fact that it did so.

The Policy specifically requires the following in the event of a loss:

> Records – "You" must produce records, including tax returns and bank microfilms of all canceled checks relating to value, loss, and expense and permit copies and extracts to be made of them as often as "we" reasonably request.
>
> . . . .
>
> Cooperation – "You" must cooperate with "us" in performing all acts required by this policy.

(ECF No. 53-6, Ex. 2 at 11 of 17.) The Policy also requires Novalk to provide "estimates, specifications, inventories, and other reasonable information that [Kinsale] may require to settle the loss." (*Id.*) For ease of analysis, the Court folds all of these specified requests in the Policy under the general duty to cooperate.

If a court finds as a matter of law that the insured has breached its duty to cooperate and the insurer was prejudiced by that breach, the insurer is entitled to summary judgment on the insured's breach of contract claim. *Martinez v. Infinity Ins. Co.*, 714 F. Supp. 2d 1057, 1062–63 (C.D. Cal. 2010). Generally, a determination as to whether an insured breached its duty to cooperate and whether an insurer was prejudiced by that breach are questions of fact. *Id.* at 1062. However, if the facts of the case are "uniformly unfavorable" to one party, breach of the duty to cooperate may be determined as a matter of law. *Id.*

To satisfy the duty to cooperate, an insured need not submit "every item of information that [the insurer] has requested." *Chierfue Her v. State Farm Ins. Co.*, 92 F. Supp. 3d 957, 972 (E.D. Cal. 2015). Rather, an insured can show substantial performance of the duty to cooperate by demonstrating that there was enough evidence in ". . . *whatever form and however acquired* that the insurer would act unreasonably if it refused to pay the claim." *Id.*

This Court has already held that as of the close of discovery in this case, Kinsale did not have enough evidence in any form or acquired to make it unreasonable for refusing to pay the claim. As already held, Kinsale acted reasonably when it requested documentation related to the Policy's exclusions for damage due to fraud and/or vandalism. (ECF No. 92 at 16–18.) The Court also held that failure to produce the requested documents prejudiced Kinsale by making it "difficult if not impossible" to determine if one of those exclusions may have applied. (*Id.* at 18.)

As it turns out, since the close of discovery over a year ago, Novalk has not supplied Kinsale with any more of Kinsale's reasonably requested information until at least Novalk's EUO last month. Novalk supplies no evidence to indicate otherwise. (*See* ECF No. 108.) Further, Novalk did not inform Kinsale whether it did or did not have documents

responsive to Kinsale's requests until Khalil affirmed so in his declaration accompanying Novalk's supplemental briefing, which was submitted two weeks ago. (ECF No. 108, Khalil Decl. ¶ 5 ("I can now affirm that Novalk has already produced to Kinsale all of the responsive documents in its possession, custody, and control.").)

Practically in the same breath as his affirmation that Novalk had produced everything, Khalil contradicts it. In the preceding paragraph, Khalil also attests that he believes he gave a number of documents to his former counsel and has requested that file from former counsel. (*Id.* ¶ 4 ("I believe that many of the documents requested that I thought I had were given to my prior attorney, Michaelangelo Tatone. I have looked diligently for copies of documents and in the requested my file [sic] from Mr. Tatone.").) Documents held by prior counsel are documents within a party's possession, custody, or control. *See In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) ("Control is defined as the legal right to obtain documents upon demand."). Accordingly, Novalk has not produced all of the documents in its possession, custody, or control because the documents held by former counsel are within Novalk's control. Novalk provides no reason for failing to request these documents earlier, and no sense of time as to when they might be produced.

The facts as they now stand are uniformly unfavorable to Novalk—it has not substantially performed its duty to cooperate with Kinsale's investigation. Prior to last month, Novalk produced nothing to Kinsale that was responsive to Kinsale's reasonable requests to help it resolve the claim investigation. Novalk gives no excuse for its unresponsiveness since the close of discovery, and indeed the record indicates it continues to be unresponsive and self-contradictory in its dealings with Kinsale to this day. Because even taking the facts in the light most favorable to Novalk there can be no genuine issue of material fact that Novalk did not substantially perform its duty to cooperate, Kinsale could not have breached, and Novalk's claim for breach of contract fails. Accordingly, Kinsale is entitled to summary judgment on the breach of conflict claim.

### B. Breach of the Covenant of Good Faith and Fair Dealing and Bad Faith Denial of Insurance Policy Claim and Benefits

Even if Kinsale had breached the contract, Novalk has introduced no evidence that Kinsale's withholding of benefits was improper and therefore summary judgment is appropriate for Kinsale. To succeed in a claim for breach of the covenant of good faith and fair dealing implied in every insurance contract, Plaintiff must show at least two things: "(1) benefits due under the policy [were] withheld; and (2) the reason for withholding benefits [was] unreasonable or without proper cause." *Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 255 (Cal. Ct. App. 1990).

Again, as discussed above, even taking the facts in the light most favorable to Plaintiff, Plaintiff did not perform its duty to cooperate because it failed to produce relevant documents to Kinsale's investigation (or at least attesting that the requested documents were not in Novalk's possession) until, at the very earliest, two weeks ago. Because of this, the facts uniformly show that Plaintiff did not perform under the contract and therefore benefits were *not* due, meaning the first element of the breach of the covenant of good faith and fair dealing has not been met. *Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062, 1078 (Cal. Ct. App. 2007) (holding that a predicate for a bad faith claim is coverage), *as modified on denial of reh'g* (Apr. 20, 2007).

But, for the sake of argument, even if benefits were due under the policy, there is no evidence proffered that Kinsale's reasons for withholding the benefits were unreasonable or that Kinsale acted without proper cause. Thus, there is no genuine issue of material fact on this issue. Because it is indisputable that there was at least a genuine issue as to Kinsale's liability under California law, Kinsale could not have breached the covenant of good faith. This genuine issue or genuine dispute rule presents an affirmative defense to bad faith claims in the insurance context. It is "a close corollary" to the principle that "an insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of

contract." *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 723 (Cal. 2007) (citation omitted), *as modified* (Dec. 19, 2007). This genuine dispute rule "allows a district court to grant summary judgment when it is undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable—for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability under California law." *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir. 2002) (citation omitted).

Here, there is a genuine dispute as to coverage and therefore Kinsale could not have acted in bad faith. If either the crime/fraud or the vandalism exclusion applies, Novalk would not be due any benefit. (ECF No. 53, Ex. 2 at PageID.1180; ECF No. 53, Ex. 2 at 7 of 17.) As already held, either of these exclusions could still apply. *Supra* Section III.A. As already noted in this Order and this Court's prior Order (ECF No. 92), to resolve these genuine issues, Kinsale has been requesting documents related to these policy exclusions since February 2020. (ECF No. 53, Ex. 9.) And, also as already noted in this Order and this Court's prior Order (ECF No. 92), these documents were reasonable to request given the circumstances of the fire—that it was deliberately set (per the fire department and police department reports); that it occurred three days after the coverage commenced; and then that Novalk subsequently failed to produce records, receipts, or information related to the Property's financial status, the company's financial status, or the Property's history of trespassing. Up until two weeks ago at least, Novalk was still producing documents responsive to these requests. (*See* ECF No. 108, Khalil Decl. ¶ 4 (attesting that on the preceding Friday he sent a "portion" of his Evanston Insurance Company file to Kinsale's counsel.).)

Only with the filing of its supplemental brief did Novalk finally affirm that it had produced all of the responsive documents in its possession, custody, and control. (*Id.*, Khalil Decl. ¶ 5.) However, as previously noted, it appears Novalk has yet to review quite all of the documents in its control as it has lately requested potentially responsive files from former counsel. (*Id.*, Khalil Decl. ¶ 4.) While Novalk makes persuasive arguments that

Kinsale may have had all of the information it needed regarding damage to the Property to pay at least some benefits much earlier in the claim investigation, Novalk introduces no facts to dispute that Kinsale had reason to investigate the two policy exclusions in play. Genuine issues as to coverage remain while the questions of these policy exclusions remain open.

Further, Novalk introduces no facts to dispute that it failed to supply the reasonably requested documents and even at times failed entirely to respond to requests from Kinsale during the investigation. Where the insured is responsible for the delay in the investigation of a claim, that delay cannot be unreasonable. *See Globe Indem. Co. v. Superior Court*, 6 Cal. App. 4th 725, 731 (Cal. Ct. App. 1992) ("There can be no 'unreasonable delay' until the insurer receives adequate information to process the claim and reach an agreement with the insureds."), *as modified* (May 20, 1992); *cf. Airborne San Diego, LLC v. Travelers Prop. Cas. Co. of Am.*, 538 F. Supp. 3d 1032, 1048 (S.D. Cal. 2021) (finding it was improper to resolve a case at summary judgment where both sides came "forward with evidence showing that the other was responsible for the delay"). Here, Novalk introduces no evidence showing Kinsale was responsible for the delay.

As noted above, Plaintiff did not perform its obligations under the Policy and therefore Kinsale did not breach the agreement, meaning coverage was not due. Consequently, even on the first element of breach of the covenant of good faith and fair dealing, that benefits due were withheld, Plaintiff's claim fails. Even if Novalk could show that benefits were due, or that they may have been due, it is indisputable that a genuine issue remained as to Kinsale's liability under the Policy, and therefore those benefits were not unreasonably withheld and Kinsale's actions did not constitute a breach of the covenant of good faith and fair dealing. Accordingly, Kinsale is entitled to summary judgment on the claims for breach of the covenant of good faith and fair dealing and bad faith denial of an insurance policy claim and benefits.

## IV. CONCLUSION

The Court **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiff's remaining claims: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) bad faith denial of insurance policy claim and benefits. (ECF No. 52.) Therefore, Plaintiff's Motion for Summary Judgment as to the same claims is **DENIED**. (ECF No. 53.)

Having thus disposed of all of Plaintiff's claims, the Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

**DATED: March 21, 2025**

**Hon. Cynthia Bashant, Chief Judge
United States District Court**